**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 12, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LYLE DEAN EASKY, a/k/a Lyle D.
Easky, a/k/a Lyle Dean Easkey, a/k/a
Shorty,

Defendant - Appellant.

No. 07-5132

(N.D. Oklahoma)

(D.C. No. 4:07-CR-00052-HDC-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

---

Lyle Dean Easky pleaded guilty in the United States District Court for the

Northern District of Oklahoma to the offense of possession of a firearm by a

convicted felon. *See* 18 U.S.C. § 922(g)(1). The court sentenced him to 42

months' imprisonment. On appeal Mr. Easky contends that his sentence is

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

substantively unreasonable. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Under the United States Sentencing Guidelines (USSG), Mr. Easky was assigned a base offense level of 14 for being a felon in possession of a firearm. *See* USSG § 2K2.1(a)(6). He received a two-level enhancement for obstructing justice, *see id.* § 3C1.1, and a two-level reduction for accepting responsibility, *see id.* § 3E1.1, resulting in a total offense level of 14. Because he had 14 criminal-history points, his criminal-history category was VI. Of his 14 points, two came from a conviction of larceny of merchandise from a retailer, one from conviction of petit larceny, three from a conviction of unlawful possession of a controlled drug, three from a conviction of possession of a stolen vehicle and resisting arrest, and three from a conviction of unlawful possession of a controlled drug and paraphernalia. He received two additional criminal-history points because the instant offense was committed less than two years after his release from custody. *See id.* § 4A1.1(e). The resulting Guidelines range was 37 to 46 months' imprisonment. The district court sentenced Mr. Easky to 42 months' imprisonment, the middle of the Guidelines range.

On appeal Mr. Easky does not challenge the Guidelines calculation. Rather, he argues that his sentence is too harsh under the factors set forth in 18 U.S.C. § 3553(a). He contends that both his offense and his criminal history are less serious than they may appear. Although he concedes that he possessed a

loaded semi-automatic pistol, he says that he did not use the gun or threaten anybody with it. As for his criminal history, he states that much of it is tied to his severe drug addiction, and "[t]he victim of these offenses was the Defendant himself, whose health and liberty were at stake." Aplt. Br. at 9. He further asserts that his larceny offenses were minor thefts. Accordingly, he concludes that drug treatment and the minimum sentence in the Guidelines range (37 months' imprisonment) would "effectuate the sentencing purposes o[f] 3553(a)(2)," *id.* at 10, and that a longer sentence is therefore unnecessarily harsh.

Under *United States v. Booker*, 543 U.S. 220 (2005), "we review sentencing decisions for reasonableness . . . ." *United States v. Atencio*, 476 F.3d 1099, 1102 (10th Cir. 2007). "A substantively reasonable sentence ultimately reflects the gravity of the crime and the § 3553(a) factors as applied to the case." *Id.* We review under "the familiar abuse-of-discretion standard." *Gall v. United States*, 128 S. Ct. 586, 594 (2007). Sentences within a correctly calculated Guidelines range are accorded a presumption of reasonableness. *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006); *see Rita v. United States*, 127 S. Ct. 2456, 2462 (2007).

Mr. Easky has failed to overcome the presumption that his within-Guidelines sentence was reasonable. In reviewing the reasonableness of a sentence, we "defer not only to a district court's factual findings but also to its determinations of the weight to be afforded to such findings." *United States v.*

*Smart*, 518 F.3d 800, 808 (10th Cir. 2008). The district court considered

Mr. Easky's drug problem and need for treatment, together with his "numerous"

arrests "for violent and alcohol and drug-related offenses." R. Vol. IV at 9. The

court recognized the § 3553 factors, recommended that Mr. Easky serve his

sentence in a "facility where he can be treated by the Bureau of Prisons

Residential Drug Abuse Treatment Program," *id.*, and requested "that he be

provided the 500-hour treatment program . . . and any other drug treatment

program that [the Bureau of Prisons] can enlist the defendant in to give him

assistance and help," *id.* at 9–10. We cannot say that the sentence was

unreasonable.

We AFFIRM the judgment below.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge